IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JEFFREY ANDREW BRYANT, § | |
| TDCJ-CID NO.1517694, § | |
|     Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-11-4483 |
| § | |
| RICHARD D. STARR, *et al.*, § | |
| § | |
|     Defendants. § | |

MEMORANDUM AND ORDER
ON MOTION FOR PARTIAL SUMMARY JUDGMENT

In the pending civil rights action, plaintiff claims that he suffered an injury resulting from the use of excessive force by Correctional Officer Richard D. Starr. Plaintiff also sought relief from defendants David Rice and Frank Szymczak on issues related to the use of force incident. On December 20, 2012, the Court granted plaintiff's motion to dismiss his claims against defendants Rice and Szymczak. (Docket Entry No.47). Pending is Defendants' Motion for Partial Summary Judgment (Docket Entry No.32), in which defendants Rice, Szymczak, and Starr seek dismissal of all of plaintiff's claims against Rice and Szymczak, and dismissal of plaintiff's claims against defendant Starr in his official capacity. (Id.).

The Court will grant, in part, and deny, in part, defendants' Motion for Partial Summary Judgment.

DISCUSSION

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a

matter of law. FED. R. CIV. P. 56(a). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. Duckett v. City of Cedar Park, Tex., 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." Hamilton v. Seque Software, Inc., 232 F.3d 473, 477 (5th Cir. 2000) (quoting Conkling v. Turner, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. U.S. v. Houston Pipeline Co., 37 F.3d 224, 227 (5th Cir. 1994).

## Defendants Rice and Szymczak

Because all claims against defendants Rice and Szymczak have been dismissed upon plaintiff's motion, defendants' motion to dismiss claims against these defendants will be denied as moot.

## Defendant Starr

Plaintiff seeks compensatory and punitive damages from defendant Starr in his individual and official capacities. Plaintiff's claims for monetary damages from defendant Starr in his official capacity as an employee of the Texas Department of Criminal Justice, a state agency, are barred by the Eleventh Amendment. See Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002). Therefore,

plaintiff's claims for monetary damages against Starr in his official capacity will be denied.

Plaintiff also seeks declaratory relief and a preliminary and a permanent injunction "ordering defendants . . . [to] stop allowing Medical Unit Inmates to be constitutionally abused and violated, by the administration and the guards." (Docket Entry No.1, page 5). The Eleventh Amendment does not protect state officials from claims for prospective injunctive relief when it is alleged that the state officials are acting in violation of federal law. Ex Parte Young, 209 U.S. 123, 155-56, 28 S.Ct. 441 (1908); Edelman v. Jordan, 415 U.S. 651, 664, 94 S.Ct. 1347, 1356; Brennan v. Stewart, 834 F.2d 1248, 1252 (5th Cir. 1988). To meet this Ex Parte Young exception in its application to a § 1983 suit, a plaintiff's suit alleging a violation of federal law must be brought against an individual person in his official capacity as an agent of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect. See Saltz v. Tenn. Dep't of Employment Sec., 976 F.2d 966, 968 (5th Cir. 1992). Thus, while declaratory and prospective injunctive relief cannot be pursued against the State in federal court, it can be pursued against a state official sued in his official capacity.

Plaintiff alleges no facts to show that defendant Starr has authority over TDCJ-CID administrators or other guards with respect to the treatment of medical unit inmates. His generalized assertion is insufficient to state a claim; particular facts are required to

3

specify the personal involvement of each defendant. See Murphy v. Kellar, 950 F.2d 290, 292 (5th Cir. 1992). Because plaintiff fails to establish that defendant Starr has such authority, he fails to sue the proper party responsible for the treatment of medical unit inmates.

Even if defendant Starr has such authority, plaintiff does not meet the criteria for equitable relief in this case. To obtain a preliminary injunction, a plaintiff must show: (1) a substantial likelihood of success on the merits, (2) a substantial threat that the plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs any damage that the injunction might cause the defendant, and (4) that the injunction will not disserve the public interest. See Planned Parenthood of Houston and Southeast Texas v. Sanchez, 403 F.3d 324, 329 (5th Cir. 2005). For a permanent injunction to issue, the plaintiff must prevail on the merits of his claim and establish that equitable relief is appropriate in all other respects. See Dresser-Rand Co. v. Virtual Automation Inc., 361 F.3d 831, 847 (5th Cir. 2004). Injunctive relief in the form of "superintending federal injunctive decrees directing state officials" is an extraordinary remedy. See Morrow v. Harwell, 768 F.2d 619, 627 (5th Cir. 1985). Because it is an extraordinary remedy, a preliminary injunction may only be granted if the plaintiff has "'clearly carried the burden of persuasion' on all four requirements." Planned Parenthood, 403 F.3d at 329 (citation and quotation omitted).

4

Plaintiff fails to meet his burden on all accounts. He alleges no facts with respect to the treatment of medical unit inmates. In response to defendants' motion, plaintiff attempts to recast the request for equitable relief in light of an alleged on-going threat to his personal safety. (Docket Entry No.36). The Court addressed, however, this very issue in its Order of December 20, 2012, and denied plaintiff relief. (Docket Entry No.47). Plaintiff again fails to show any entitlement to declaratory or injunctive relief with respect to his personal safety. Accordingly, the Court will grant defendants' motion to dismiss such claims against defendant Starr.

## CONCLUSION

Based on the foregoing, the Court ORDERS that

1. Defendants' Motion for Partial Summary Judgment (Docket Entry No.32) is GRANTED, in part, and DENIED, in part. Defendants' Motion is DENIED as moot, with respect to plaintiff's claims against defendants David Rice and Frank Szymczak. Defendants' Motion for Partial Summary Judgment is GRANTED with respect to plaintiff's claims against defendant Richard Starr in his official capacity.

The Clerk shall provide a copy of this Order to the parties.

Signed at Houston, Texas, on _April 30_, 2013.

EWING WERLEIN, JR.
UNITED STATE DISTRICT JUDGE

5